[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant, Ellen Landino, has moved this Court under Section 142 of the Connecticut Practice Book to dismiss plaintiff First Nationwide Bank's Complaint on the following grounds: first, that "the Court lacks jurisdiction over her person under the State and Federal Constitution [sic] under Connecticut General Statutes 52-49 [sic];" and second, "insufficiency of service of process". Motion at 1. For the following reasons, the defendant's Motion is denied.
I. Failure to Comply with Conn. Practice Book Sections 142-144
 A.
The exclusive procedures by which a Connecticut civil defendant may contest this Court's jurisdiction are set forth in Practice Book Sections 142-144. Under those procedures, any defendant who wishes to raise a jurisdictional challenge must do so within thirty days of filing her appearance by filing a written motion to dismiss, Practice Book Section 142, together with a memorandum of law and, where appropriate, affidavits as to any material facts which are not apparent on the record. Practice Book Section 143. Failure to comply strictly with these filing requirements constitutes a waiver of one's jurisdictional claims. Practice Book Section 144.
The purposes of the simultaneous memorandum and affidavit requirements of Practice Book Section 143 are largely CT Page 1242 self-evident. First, they ensure that both the Court and all adverse parties will receive timely and effective notice of the precise legal and factual nature of the moving party's claims. Second, they guarantee that any jurisdictional challenge which depends materially on non-record facts will be decided on a more reliable factual basis than the unsworn, unsubstantiated averments of the parties in their pleadings. Compliance with both requirements enables each adverse party to decide intelligently whether or not to oppose the motion and, if he does oppose it, to comply with Practice Book Section 143 by filing his own responding memorandum and countering affidavits as to non-record facts at least five days before the motion is heard. It thereby serves both the ends of justice and the interests of judicial economy by ensuring that all legal and factual issues underlying any jurisdictional challenge will be narrowed, joined, and made susceptible to proper resolution at the earliest possible stage of the lawsuit.
In this case the defendant filed no affidavits as to facts not apparent on the record along with her Motion. Instead, having presented neither testimony nor oral argument in support of that Motion, she relies exclusively on the facts described and the arguments set forth in the three-paragraph Memorandum of Law which accompanied her Motion.
As described in her Memorandum, the defendant's claims must fail for two reasons apart from their underlying merits. First, each claim depends materially on non-record facts as to which no supporting affidavit has been filed. Second, her Memorandum is so devoid of legal authority and/or appropriate legal argument as to deprive the Court and opposing counsel of meaningful notice as to the nature of her legal claims. See Boyd v. Booth, 3 CSCR 255, 256 (January 21, 1988, Jacobson, J.) (the filing of a memorandum without legal authority is tantamount to filing no memorandum at all).
 B.
In the sole paragraph of her Memorandum which relates to her challenge to personal jurisdiction, the defendant asserts that jurisdiction is lacking because "there is [sic] insufficient minimum contacts with the State of Connecticut to exercise jurisdiction under either 52-49 [sic] or applicable State and Federal Constitutional sections requiring such minimum contact for exercising jurisdiction." Memorandum at 1. Legally, this claim is totally unsupported in the Memorandum except by the foregoing reference to certain unnamed "Constitutional sections" and the misleading invocation of General Statutes section 52-49, which was repealed two years before this action was commenced.[1] No additional authorities were even cited by the defendant, much less argued CT Page 1243 and explained in her Memorandum. Factually, moreover, the claim was expressly based on several non-record facts, including, importantly, that "the [d]efendant . . . owns no property and conducts no business in the State of Connecticut, and does not visit the State of Connecticut on a regular basis."[2]
Memorandum at 1. Since the defendant has relied upon non-record facts as to which no supporting affidavits have been filed, and since her Memorandum fails to provide the Court and opposing counsel with meaningful notice of her legal claims, this aspect of her Motion to Dismiss must be denied.
 C.
For similar reasons, the defendant's challenge to the sufficiency of service of process upon her is even more deficient than her challenge to jurisdiction over her person. In its entirety, the pertinent portion of her Memorandum "supports" this claim as follows:
 Secondly, based on information and belief, the manner of service of process of the Complaint on the Defendant, Ellen Landino, was insufficient, Defendant moves the Court to dismiss on this basis also.
Here, without even alluding to particular "facts" alleged to support her claim, the defendant simply advances a wholly unsubstantiated legal conclusion. Unsupported either by facts of record or by facts set forth in a proper affidavit accompanying the Motion to Dismiss, this aspect of her Motion must also be denied for want of a factual basis.
Similarly, this claim is utterly unsupported by any legal authority whatsoever, not even vague constitutional references or repealed statutes, as featured in defendant's challenge to personal jurisdiction. Far from guiding the Court and opposing counsel to the gist of her legal arguments, this portion of defendant's Memorandum fails even to identify a legal argument, much less to particularize it or to apply is to the facts of this case. In short, the defendant's submission is a "memorandum" in name only. See Boyd, 3 CSCR at 256. Her failure to comply even superficially with the requirements of Practice Book Section 143 independently requires the denial of her Motion to Dismiss.
In this State it is well settled that a party who fails to contest personal jurisdiction and/or the sufficiency of service of process upon her in the manner prescribed by law thereby waives the right to make such a challenge and consents to the Court's exercise of jurisdiction over her. See generally Practice CT Page 1244 Book Section 144. Since this defendant failed to comply with the mandatory requirements of Practice Book Section 143, and thereby deprived the Court both of a proper factual basis on which to decide her claims and of minimum legal argumentation in support thereof, her Motion to Dismiss is denied and she is hereby deemed to have waived her right to present such claims in the future.
II. The Defendant's Substantive Claims are Without Merit
Notwithstanding the defendant's failure to comply with Practice Book Sections 142-144 by her failure to refer to relevant legal and factual authority supporting her position, the plaintiff's brief demonstrates that the Court has personal jurisdiction over the defendant and that the defendant was properly served.
 A.
The note here at issue was executed by the defendant in favor of Colonial Portsmouth Limited Partnership. The proceeds of the note were used by the defendant to purchase an interest in the Colonial Portsmouth venture. At the time the note was executed, Colonial Portsmouth was a Connecticut limited partnership with its principal place of business in West Hartford, Connecticut. See Affidavit of Russell Helfond, Paragraph 6.
 When jurisdiction is based on a long-arm statute, there must be some relationship between the defendant and the state asserting jurisdiction. All that is required is sufficient contact to make it reasonable and just, according to our traditional notions of fair play and substantial justice, to permit the state to enforce the obligations incurred there.
Wedig v. Brinster, 1 Conn. App. 123, 129 (1983), cert. denied192 Conn. 803. The facts described above, wherein the defendant engaged in significant financial dealings with a Connecticut limited partnership, provide sufficient minimum contacts with Connecticut to make it "reasonable and just, according to our traditional notions of fair play and substantial justice", for this Court to exercise its jurisdiction over her lawsuit.
Upon executing the note, moreover, the defendant agreed to certain Investor Representations which stated in pertinent part that "the undersigned does hereby consent that any such action or proceeding against him may be commenced in any court of competent jurisdiction and proper venue within the State of Connecticut . . ." See Exhibit B, Paragraph 4. It is settled CT Page 1245 that personal jurisdiction may be obtained by consent. U.S. Trust Co. v. Bohart, 197 Conn. 34, 39 (1985). The defendant's signature on the above-quoted Investor Representations clearly evidences her consent to the jurisdiction of this Court over any lawsuit concerning the note here in question. Therefore, for the reasons stated in parts I and II of this memorandum, the Motion to Dismiss is denied insofar as it relies upon a claim of lack of personal jurisdiction.
 B.
In a conclusory manner, the defendant argues that service of process upon her was insufficient. However, as illustrated by the argument in plaintiff's brief and the exhibits attached thereto, the requirements of the long-arm statute, General Statutes Section 52-596, were complied with in this case. As required by Section 52-596, a verified true and attested copy of the writ, summons and complaint was served in the hands of the clerk in charge of the Office of the Secretary of the State at least twelve days before the session of the court to which the writ was returnable. See Plaintiff's Brief and 6; Plaintiff's Exhibit C. The Sheriff's return also notes that the Secretary of State is the defendant's authorized agent for service of process in Connecticut. See Plaintiff's Exhibit C. In further compliance with Section 52-596, the sheriff sent, postage prepaid and certified, return receipt requested, a true and attested copy of the original writ, summons and complaint, with his endorsement thereon, to Ellen Landino, 1005 Grand Canyon Boulevard, Reno, NV 89502. For these reasons, the defendant was properly served under the applicable statute and her conclusory allegations of insufficient service must be reject.
MICHAEL R. SHELDON JUDGE, SUPERIOR COURT